IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD

WILHELMINA ANDERSON,

    Plaintiff,

v.                                            Civil Action No. 1:05-0876

UNITED STATES OF AMERICA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the court are the United States' objections to the December 30, 2008, Order of Magistrate Judge VanDervort. For reasons expressed more fully below, the court SUSTAINS the government's objections.

Plaintiff filed several motions for appointment of an independent medical examiner pursuant to Fed. R. Evid. 706. In his Order granting the motions, Magistrate Judge VanDervort ordered defendant "to pay the independent medical examiner's fees unless Plaintiff's counsel obtains approval for the payment of some or all of the fees through the `District Court Visiting Attorney Fee/Non-Appropriated Fees Fund.'" Order of December 30, 2008, at 3. The United States objects to the Order, contending that it is inequitable and unfair for the government to pay for another medical expert solely because plaintiff did not like the opinions of the first expert.[1]

---

[1] Plaintiff was earlier examined by Dr. Syed Siddiqi, a physician not associated with the Bureau of Prisons.

> According to Federal Rule of Evidence 706:
>
> (a) **Appointment**. The court may on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed, and may request the parties to submit nominations. The court may appoint any expert witnesses agreed upon by the parties, and may appoint expert witnesses of its own selection. . . .
>
> (b) **Compensation**. Expert witnesses so appointed are entitled to reasonable compensation in whatever sum the court may allow . . . . In other civil actions and proceedings the compensation shall be paid by the parties in such proportion and at such time as the court directs, and thereafter charged in like manner as other costs.

As the magistrate judge noted in his Order, plaintiff contends that a medical expert is necessary for the purpose of "examining the Plaintiff and providing a diagnosis of her condition and a prognosis of what she may expect in future pain and suffering and medical costs related to any condition diagnosed by the medical expert." Order at 1 (quoting Plaintiff's Memorandum (doc. # 44)). Plaintiff's briefs make clear that what she really wants is an expert to testify on her behalf, not the appointment of an independent expert for the benefit of the court.

"The appointment of an expert pursuant to Rule 706 is not intended to further partisan interests of any party, but to aid the Court, through the services of an impartial expert in its assessment of technical issues." Byng v. Campbell, 2008 WL 4662349, *7 (N.D.N.Y. October 20, 2008); McKinney v. United States, 2009 WL 798583, *2 (D. Colo. Mar. 24, 2009); see also Kerwin v. Varner, 2006 WL 3742738, *2 (M.D. Pa. Dec. 15, 2006)

("Rule 706, however, allows only for the appointment of an expert to aid the Court, and not for the purpose of aiding an indigent litigant, incarcerated or not.  It is clear that a Rule 706 expert is an independent expert, and not a member of any party's litigation team.  The fact that the expert's compensation can be split between the parties, or apportioned, as determined by the Court or charged as costs, further supports finding the Rule 706 expert to be an independent consultant for the aid of the fact finder.").

The court's review of the file in this matter indicates that appointment of an independent expert would not be a significant aid to the Court.  Although this is a case involving medical issues, it is not overly complex or scientific and the court entertains cases of a similar nature without the benefit of a court-appointed expert regularly.  Furthermore, because it is clear that plaintiff would not be entitled to appointment of an expert at government expense to assist her in preparing her case, see, e.g., Boring v Kozakiewicz, 833 F.2d 468, 474 (3rd Cir. 1987)[2], the court should not appoint one for her in the guise of

---

[2] As the Boring court aptly noted:

> The plaintiffs' dilemma in being unable to proceed in this damage suit because of the inability to pay for expert witnesses does not differ from that of nonprisoner claimants who face similar problems . . . . By seeking government funding in this case, plaintiffs are in effect asking for better treatment than their fellow-citizens who have not been incarcerated but who have at least equal claims for damages.

a Rule 706 expert.  Accordingly, the court finds that appointment of a Rule 706 expert is unnecessary and VACATES the magistrate judge's appointment of one in this case.

      The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record.

      **IT IS SO ORDERED** this 8th day of July, 2009.

                      ENTER:

                        David A. Faber
                        Senior United States District Judge

---

Boring, 833 F.2d at 474.