IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD

WILHELMINA ANDERSON,

    Plaintiff,

v().                                  Civil Action No. 1:05-0876

UNITED STATES OF AMERICA,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

    Pending before the court is plaintiff's "Objection and Request for Clarification of Order."  Plaintiff objects to the court's Order of July 8, 2009, vacating Magistrate Judge VanDervort's appointment of an expert pursuant to Federal Rule of Evidence 706.

    To the extent plaintiff's objections are an invitation for the court to revisit its earlier ruling, the court declines to do so.  A court's refusal to appoint an expert under Rule 706 is reviewed for an abuse of discretion.  Monolithic Power Systems, Inc. v. O2 Micro International Ltd., 558 F.3d 1341, 1346 (Fed. Cir. 2009); Gaviria v. Reynolds, 476 F.3d 940, 945 (D.C. Cir. 2007);   Furthermore, the power of a court to appoint such an expert is rarely exercised.  See Monolithic Power Systems, Inc. v. O2 Micro International Ltd., 558 F.3d 1341, 1346 (Fed. Cir. 2009); see also 4 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 706.02[2] (2d ed. 2005) ("It is indisputable that court appointment of experts is a rarity."); 29

Charles A. Wright et al., Federal Practice and Procedure § 6304 (2d ed. 2002) ("The exercise of Rule 706 powers is rare under virtually any circumstances.).

      Plaintiff is correct that the procedure outlined by Magistrate Judge VanDervort for the expert to follow would likely have maintained the expert's neutrality.  However, the court cannot ignore the motivation behind appointment of the expert in the first place.  Having reviewed the record herein, including the hearing of December 2, 2008, and Dr. Siddiqi's deposition in its entirety, the court is not persuaded that it needs to appoint an independent expert in this case.

      No doubt the appointment of a medical expert would aid the plaintiff, but the critical question is - - would it aid the court?  Just as it is for every other civil litigant pursuing a claim alleging medical malpractice, it is the plaintiff's burden to obtain a medical expert in support of her claim.[1]  The fact that she is incarcerated does not change this fact.

> The plaintiffs' dilemma in being unable to proceed in this damage suit because of the inability to pay for expert witnesses does not differ from that of nonprisoner claimants who face similar problems . . . .  By seeking government funding in this case, plaintiffs are in effect asking for better treatment than their fellow-citizens who have not been incarcerated but who have at least equal

---

[1] Plaintiff has also asked the court for clarification of its Order of July 8, 2009.  In particular, plaintiff asks if the court has concluded that "no medical expert is required in this case."  The court believes that there is nothing in its Order to suggest that the court has eliminated plaintiff's need for a medical expert when one is otherwise required.

claims for damages.

<u>Boring v Kozakiewicz</u>, 833 F.2d 468, 474 (3rd Cir. 1987).

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED** this 20th day of July, 2009.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge